HALL, Acting Chief Judge,
Dissenting.
I disagree with the majority’s holding that summary judgment was inappropriate in this instance. It is, in fact, my opinion that the trial court was correct in finding that Rick-etts’ sole remedy here was under the workers’ compensation statute and that it was irrelevant whether Haynes or Andrews was Ricketts’ employer.
It has always been my understanding of guardianship law that a guardian is appointed to act for and in place of an incapacitated ward and that any actions of the guardian are those of and for the benefit of the ward. If that be the case, then the ward is the employer through the guardian and, when the guardian hired Ricketts to care for Andrews, the guardian was acting for and in place of Andrews. Therefore, Andrews cannot be considered a third-party tort-feasor and be liable as such under section 440.39(1), Florida Statutes (1991).